UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAUL W. LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:16-cv-00315-TAV-HBG |
| KEITH HAWKINS, *et al.,* | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 363(c), the Rules of this Court, and the referral Order [Doc. 43] of the Chief District Judge.

Now before the Court is a Motion for Consolidation of Separate Trials [Doc. 41], filed on March 6, 2017. The Defendants have responded [Doc.42] in opposition, and the Plaintiff has filed a Reply [Doc. 47]. The Motion is now ripe for adjudication. Accordingly, for the reasons stated below, the Court **DENIES** the Plaintiff's Motion [**Doc. 41**].

### I.   POSITIONS OF THE PARTIES

The Plaintiff requests that the Court consolidate the instant action ("*Hawkins*") with *Lewis v. Walker, et al.*, No. 3:16-cv-486 ("*Walker*"). The Plaintiff states that pursuant to Federal Rule of Civil Procedure 42(a), the cases are "interwoven" and "interconnected" in such a way that they cannot be separated for a full and fair determination of the issues presented for review. The Plaintiff asserts that both cases involve common questions of law and fact and that consolidation of these cases for trial would avoid unnecessary costs or delay. Further, the Plaintiff asserts that consolidation will be "conducive to expedition and economy" and that neither party will suffer prejudice if these cases are consolidated for trial. [Doc. 79 at 2].

1

The Defendants filed a Response [Doc. 42] objecting to the Motion. The Defendants argue that the Plaintiff fails to offer any reasoning in support of his contention and that a comparison of the Complaints makes clear that the two actions do not share common factual or legal issues. The Defendants assert that *Walker* arises from an August 2014 drug sting, while *Hawkins* arises from a July 2015 traffic stop. Further, the Defendants assert that they are not named in the *Walker* litigation. The Defendants explain that in *Walker*, the Plaintiff has alleged a false arrest claim, but in *Hawkins*, the Plaintiff alleges an unreasonable search and seizure related to a traffic stop. Finally, the Defendants assert that the Defendants in *Walker* have filed motions to dismiss that are currently pending.

The Plaintiff filed a Reply [Doc. 47] asserting that the *Hawkins* matter arises from a July 24, 2015 traffic stop, without apparent probable cause and that the Court will determine whether the police officer had probable cause to stop the Plaintiff. The Plaintiff asserts that Defendant Hawkins was involved in the prior searches of his residence and that "[i]n other words, Plaintiff's case did not end on September 2, 2014, when he entered his plea of guilty." [Doc. 47 at 3]. The Plaintiff explains that after his guilty plea, officers continued to harass and intimidate him. Further, the Plaintiff asserts that the failure to consolidate the cases would be prejudicial to him because witnesses would testify about "like events to answer similar questions of law." [Doc. 47 at 3].

**II.    ANALYSIS**

Federal Rule of Civil Procedure 42(a)(2) states that a court may consolidate actions that "involve a common question of law or fact." A court may exercise its "discretion to consolidate actions only if it first determines that there is a common question of law or fact." *WCM Industries, Inc. v IPS Corp.*, No. 2:13-cv-02019, 2013 WL 3349182, * 2 (W.D. Tenn. July 2, 2013). "The party moving for consolidation bears the burden of demonstrating the commonality of law, facts

2

or both in cases sought to be combined, and the court must examine the special underlying facts with close attention before ordering a consolidation." *Id.* (quoting *Banacki v. OneWest Bank, FSB,* 276 F.R.D. 567, 571 (E.D. Mich. 2011)) (citations and quotation marks omitted).

In deciding whether to consolidate, a court should consider whether the specific risks of prejudice and possible confusion posed by consolidation are overborne "by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993).

In the present matter, the Court finds that consolidation is not appropriate. In *Hawkins*, the Plaintiff brings his Amended Complaint pursuant to 42 U.S.C. § 1983. This case arises from a traffic stop on July 24, 2015. The Plaintiff alleges that there was no probable cause for the stop and that Officer Hawkins discriminated against him by making him stand on one leg without his crutches. The Amended Complaint alleges that Officer Hawkins knowingly, willfully, deliberately, and maliciously subjected the Plaintiff to physical, mental, and emotional stress. Further, the Amended Complaint states that the warrant for Plaintiff's arrest was not for robbery, but instead, a probation violation that was dismissed.

With respect to *Walker,* the Plaintiff alleges that he was deprived of life, liberty, and property without due process of law when the Defendants illegally obtained confidential, attorney/client privileged information and used such information to arrest, prosecute and convict him. Further, the Plaintiff alleges that the Defendants committed tortious act of fraud when they fabricated the warrant for Plaintiff's arrest, prosecution, and conviction. It appears that the Plaintiff's allegations stem from his arrest on April 19, 2014, when he was charged for selling a

3

Schedule II narcotic, which was based upon information received from a confidential informant, and his arrest on August 4, 2014, when he was charged with coercion and two counts of selling Schedule II narcotics.

With respect to the instant Motion, the Plaintiff asserts that these cases are so "interwoven" and "interconnected" that they cannot be separated. However, he provides little explanation as to how the cases are so "interwoven" or "interconnected." The Plaintiff asserts that Defendant Hawkins pulled the Plaintiff over in order to search for drugs in Plaintiff's vehicle because he (Plaintiff) is a convicted drug dealer. The Plaintiff argues that the traffic stop shows that his case did not end in 2014 because he continued to be harassed by law enforcement. The Court finds that such allegations are not sufficient to consolidate the two cases. Instead, it appears to the Court that some of the facts as alleged in *Walker* may only provide some background information for the alleged facts in *Hawkins*.

With respect to whether there is a common question of law, in *Hawkins*, the Court will review whether a police officer unfairly stopped the Plaintiff, and in *Walker*, the Court will review the conduct of private attorneys, prosecutors, and law enforcement in terms of a false arrest, fraudulent court proceedings, and corruption of witnesses. The Court finds that because the cases are too dissimilar, consolidation would only confuse the jury.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES** the Plaintiff's Motion for Consolidation of Separate Trials. [**Doc. 41**].

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

4

Case 3:16-cv-00315-TAV-HBG   Document 48   Filed 04/04/17   Page 4 of 4   PageID #: 200