UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PAUL WILLIAM LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-315-TAV-HBG |
| | ) | |
| KEITH HAWKINS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel [Doc. 57], filed on June 26, 2017. In his Motion, the Plaintiff requests that the Court compel Defendant Hawkins to respond to the Plaintiff's Second Set of Interrogatories and Production of Documents, which were served on May 19, 2017. Defendant Hawkins responded [Doc. 60] that the Motion should be denied because it fails to include a certification that the Plaintiff conferred in good faith with Defendant Hawkins before filing the Motion. In addition, Defendant Hawkins states that the Plaintiff failed to comply with Section 3(j) of the Scheduling Order, which requires parties to take certain steps before filing motions regarding discovery disputes. Finally, Defendant Hawkins states that his responses to the discovery requests are drafted and that counsel is simply awaiting receipt of a notarized affidavit from Defendant Hawkins regarding the accuracy of the responses. Defendant Hawkins states that his discovery responses along with the affidavit will be mailed to the Plaintiff immediately upon receipt, which should occur within the next week.

The Court notes that Section 3(j) of the Scheduling Order [Doc. 21] requires parties to take certain steps before filing motions regarding discovery disputes. First, the parties are to meet and confer in an attempt to resolve the dispute. If the parties cannot resolve the dispute, they shall attempt to resolve the dispute by conference with the Magistrate Judge. The Scheduling Order provides that "[i]f and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court . . ." Finally, "[a]ny written motions regarding discovery shall include a certification of compliance with steps one (1) and (2) . . ." In addition, Federal Rule of Civil Procedure 37(a)(1) requires that the movant include a certification that he/she conferred in good faith with the other party before filing a motion to compel.

The Court finds that the Plaintiff did not follow the procedure set forth in the Scheduling Order and did not include a good faith certification as required by Rule 37. This is not the first time that the Plaintiff's Motion has been deficient. In its previous Order [Doc. 53], this Court reminded the Plaintiff that he must follow the procedure outlined in the Scheduling Order and that he must include the certification required under Rule 37(a)(1). The Court **ADMONISHES** the Plaintiff that his pro se status is not a reason to ignore the rules and that the failure to follow the Court's Orders or the Federal Rules will not be excused. Accordingly, the Court finds the Plaintiff's Motion to Compel [**Doc. 57**] not well-taken, and it is **DENIED**. If the Plaintiff does not receive Defendant Hawkins's discovery responses by July 10, 2017, he may contact Chambers to schedule a conference with the undersigned.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge