UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PAUL WILLIAM LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-315-TAV-HBG |
| | ) | |
| KEITH HAWKINS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following Motions:

(1) Plaintiff's Motion for Leave to Serve Additional Interrogatories Upon Defendant Keith Hawkins and for Order Requesting Defendant to Produce All Documents Requested by the Plaintiff [Doc. 64];

(2) Defendants' Motion to Strike Errata Sheet Changes and Incorporated Memorandum of Law [Doc. 67]; and

(3) Plaintiff's Motion for Leave to File Sur-Reply to Defendants' Motion to Strike Errata Sheet Changes and Incorporated Memorandum of Law; Response in Opposition to Defendants' Motion for Summary Judgment, and Defendants' Response to Plaintiff's Motion for Leave to Serve Additional Interrogatories Upon Defendant Keith Hawkins [Doc. 69].

Accordingly, for the reasons more fully explained below, the Plaintiff's Motion for Leave to Serve Additional Interrogatories [**Doc. 64**] is **DENIED**, the Defendants' Motion to Strike [**Doc. 67**] is **GRANTED**, and the Plaintiff's Motion for Leave to File Sur-Reply is **GRANTED IN PART** [**Doc. 69**].

## I. POSITIONS OF THE PARTIES

### A. Plaintiff's Motion for Leave

The Plaintiff requests [Doc. 64] leave of Court to serve additional interrogatories to Defendant Hawkins. In addition, the Plaintiff requests that the Court order the Defendants to produce all documents requested by the Plaintiff. The Plaintiff states that he served the Defendants with discovery on or about March 13, 2017, and that Defendant Hawkins successfully answered twelve questions out of the fifteen questions that were propounded. The Plaintiff continues that with respect to his document requests, the Defendants stated that the documents were attached but no attachments were actually included. The Plaintiff continues that he sent twenty-one interrogatories to Defendant Hawkins on or about May 19, 2017, and Defendant Hawkins answered, "I cannot recall," to three interrogatories (Nos. 6, 7, and 8) and that the Defendants objected to Nos. 9 through 22. The Plaintiff states that he has not had an opportunity to obtain such information and that he is unable to prepare for his case.

The Defendants respond that they have produced all documents to the Plaintiff and that the Plaintiff has failed to show why the additional interrogatories are necessary for the prosecution of this case. The Defendants state that Defendant Hawkins has completely and accurately responded to the Plaintiff's first set of interrogatories. With respect to document production, the Defendants state that they attached the requested documents as Exhibit B and that the documents in Exhibit B are the same documents that were produced by Defendant Hawkins on April 21, 2017, in response to the Plaintiff's first request of documents. In addition, the Defendants state that most of the documents were already attached to the Defendants' initial disclosures. The Defendants state that their production actually exceeded the scope of the documents requested by the Plaintiff because

the Defendants provided documents relating to the Plaintiff's prior arrests, which the Defendants are not using at trial and which were not requested by the Plaintiff.

Further, the Defendants explain that Defendant Hawkins responded, "I cannot recall," to interrogatories Nos. 6, 7, and 8 because the interrogatories sought extremely detailed information involving specific times and conversations that occurred immediately before and during a traffic stop that occurred in 2015. The Defendants argue that they have produced all documentation on file relating to the traffic stop at issue and that they have answered all discovery requests to the best of their knowledge and ability. In addition, the Defendants state that they objected to interrogatories 9 through 22 because Federal Rule of Civil Procedure 33 limits Plaintiff to twenty-five interrogatories without leave of Court. The Defendants continue that this is the third discovery motion filed by the Plaintiff and that the Plaintiff did not contact defense counsel prior to seeking relief from the Court and that the Plaintiff failed to comply with Federal Rule of Civil Procedure 37 and section 3(j) of the Scheduling Order in this case.

The Plaintiff filed a reply [Doc. 70][1] stating that the Defendants have produced all documents requested and that he has now successfully compelled the Defendants to produce the documents. The Plaintiff argues that Defendant Hawkins's response to interrogatories 6, 7, and 8 (i.e., that Defendant Hawkins cannot recall certain details) is unreasonable. The Plaintiff states that he has requested leave of Court to propound additional discovery because the Defendants' responses to said discovery will go to the credibility of witnesses and help the Plaintiff impeach them at trial. The Plaintiff further explains that he has not contacted defense counsel prior to filing his Motion because the Plaintiff should not have to compel the Defendants to act when the Federal Rules of Civil Procedure require such actions by the Defendants. With respect to the Plaintiff's

---

[1] The Plaintiff refers to his reply as a "sur-reply."

request for additional interrogatories, the Plaintiff states that there are still unanswered questions in this case, such as why Defendant Hawkins waited six miles before initiating the stop.  The Plaintiff asserts that Defendant Hawkins has given conflicting statements as to why he pulled the Plaintiff over and that the information will go to the credibility of the witness.

    **B.**    **Defendants' Motion to Strike Errata Sheet**

The Defendants request that the Court strike the errata sheet changes submitted by the Plaintiff in regard to his April 21, 2017 deposition.  The Defendants argue that the Plaintiff's changes violate the procedural and substantive requirements of Rule 30(e).  The Defendants state that in making the changes, the Plaintiff failed to adhere to the requirement in Rule 30(e)(1)(B), which requires the Plaintiff to sufficiently state the reasons for the proposed changes.  Further, the Defendants assert that Rule 30(e) allows revisions of reporting errors but does not allow deponents to revise their testimony post depositions.

In response, the Plaintiff states [Doc. 71] that there is nothing in Rule 30(e) that prohibits him from making changes in form or substance and to sign a statement listing the changes and the reasons for such changes.  The Plaintiff argues that his pleadings are not held to the same standard as those drafted by attorneys. The Plaintiff contends that his deposition testimony was misconstrued by the Defendants and that defense counsel has made an attempt to undermine the entire purpose of the deposition.  Further, the Plaintiff argues [Doc. 73][2] that his intentions during the deposition were to demonstrate that any vehicle "if traveling 55 miles per hour after coming

---

[2] The filing is titled, "Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Leave to File Sur-Replies."  However, in the filing, the Plaintiff seems to respond to the Defendants' Motion to Strike.  Further, it does not appear that the Defendants filed a response to the Plaintiff's Motion for Leave to File Sur-Reply.  While such filings are not permitted pursuant to Local Rule 7.1, the Court has, nevertheless, reviewed the filing and considered the arguments therein.

4

up a steep uphill grade would be traveling 42 miles per hour on a steep downhill grade ten seconda after starting to brake at the 35 mile per hour speed limit sign at the top of the uphill/downhill grade." [Doc. 73 at 1-2]. The Plaintiff states that he has two eyewitnesses that will testify that he was traveling 45 miles per hour from the state line. The Plaintiff continues that the real issue is not the rate of speed at which he was proceeding but why Defendant Hawkins waited for the Plaintiff to commit a traffic violation when Defendant Hawkins knew there was a warrant out for the Plaintiff's arrest. In addition, the Plaintiff questions Defendant Hawkins's reasons for making the Plaintiff exit the vehicle and stand on a busy highway when Defendant Hawkins was aware of the Plaintiff's physical handicap.

## II. ANALYSIS

As an initial matter, the Court observes that several of the Plaintiff's filings are not in accordance with Local Rule 7.1. For instance, the Defendants filed a Motion to Strike [Doc. 67]. Instead of filing a response, the Plaintiff filed a Motion for Leave to File Sur-Replies [Doc. 70] and then filed his "Sur-reply" as Doc. 71. Later, he filed a Reply to Defendants' Response to Plaintiff's Motion for Leave to File Sur-Replies [Doc. 73], although no such response was filed by the Defendants, and in that filing, the Plaintiff argued against the Defendants' Motion to Strike.

The Court **DIRECTS** the Plaintiff to Local Rule 7.1, which explains the order in which documents are to be filed: opening brief, answering brief, and reply brief. *See* E.D. Tenn. L.R. 7.1(a). Further, the Local Rule explains that reply briefs are not necessary, but they may be filed. Any additional briefs beyond the above cannot be filed without approval of the Court. E.D. Tenn. L.R. 7.1(c) and (d). In any event, the Court has considered the arguments made in the Plaintiff's filings and will **GRANT IN PART** the Motion for Leave to File Sur-Reply [**Doc. 69**]. Specifically, the Court has reviewed and considered Docs. 70, 71, and 73. The Court notes,

however, that the Motion also requests that a "Sur-reply" be filed in response to the Defendants' Motion for Summary Judgment. The District Judge will determine whether to consider the Plaintiff's filing.

The Court will first address the Plaintiff's Motion and then turn to the Defendants' Motion.

**A. Plaintiff's Motion for Leave**

In his Motion, the Plaintiff requests that the Court order the Defendants to produce the documents that were requested and allow the Plaintiff to serve additional interrogatories. With respect to the Defendants' document production, the Plaintiff later states that all documents have now been produced.

The Court observes that this is the Plaintiff's **third** request to compel documents in this case. In his first motion, the Plaintiff requested that Defendant Hawkins respond to his discovery requests. Defendant Hawkins responded that he mailed his responses and that the Plaintiff should receive the discovery within a few days. The Court denied [Doc. 53] the Plaintiff's request as moot but reminded the Plaintiff of the required procedures outlined in Section 3(j) of the Scheduling Order and in Federal Rule of Civil Procedure 37 before filing a motion to compel.

Two months later, the Plaintiff filed another motion to compel. Defendant Hawkins responded that his discovery responses were drafted and counsel was simply awaiting receipt of a notarized affidavit from Defendant Hawkins. The Court denied [Doc. 61] the Plaintiff's request and explained in detail the requirements outlined in Section 3(j) of the Scheduling Order and in Rule 37(a). The Court admonished the Plaintiff that his pro se status was not an excuse to ignore the Rules and that the failure to follow the Rules will not be excused. The Court further stated that if the Plaintiff did not receive the discovery responses by July 10, 2017, he may contact Chambers to schedule a conference with the undersigned.

The Plaintiff has now filed a third motion relating to discovery. Despite requesting that the Court order the Defendants to produce documents, the Plaintiff did not include a certification that he conferred in good faith with the Defendants before filing his Motion in accordance with Rule 37(a). In addition, the Court notes that the Plaintiff failed to comply with Section 3(j) of the Scheduling Order [Doc. 21], which requires parties to take certain steps before filing motions regarding discovery disputes. First, the parties shall meet and confer in an attempt to resolve disputes between themselves, without judicial intervention. Second, if the parties are unable to resolve the disputes informally, they shall attempt to resolve their disagreement by conference with the undersigned. Third, "**[i]f, and only if**, the parties' dispute is unresolved following the conference with the undersigned, the parties may file appropriate written motions with the Court." (Emphasis added). This procedure was explained in the Court's previous Memorandum and Order [Doc. 61].

Contrary to the Plaintiff's belief, *see* Doc. 70 at 5 (explaining that Plaintiff did not contact defense counsel because he should not have to compel Defendants to act in accordance with the Federal Rules), these procedures are mandatory. A meet and confer is required by Rule 37(a). Specifically, Rule 37(a) provides as follows:

> **(a) Motion for an Order Compelling Disclosures or Discovery.**
>
> *(1) In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action.

7

The purpose of Rule 37(a)(1) and the procedure in the Scheduling Order is to save, not only judicial resources, but the parties' resources because many discovery disputes can be resolved without engaging in time consuming and expensive motion practice—as demonstrated by the instant request for document production and the Plaintiff's two previous discovery-related motions. *See also* Fed. R. Civ. P. 1 (explaining that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

The Plaintiff has already been advised of the procedure in the Scheduling Order and of Rule 37(a)(1) in this case. Again, the Court emphasizes that the Plaintiff's pro se status is not a reason to ignore these Rules, especially when the Court has explained these Rules in previous Orders. The Plaintiff is hereby **ADMONISHED** that the failure to follow these Rules may warrant future motions involving discovery disputes to be summarily denied. Accordingly, the Plaintiff's requests are hereby denied for the failure to follow the Rules. Moreover, the Court notes that the Plaintiff's request for document production is moot because the Plaintiff acknowledges that all documents have been produced.

The Plaintiff also requests leave to serve additional interrogatories. It is not clear if the Plaintiff requests that Defendant Hawkins provide responses to interrogatories Nos. 9 through 22 contained in the Second Set of Interrogatories [Doc. 54] or the Plaintiff's Third Set of Interrogatories [Doc. 65] or both. Nevertheless, "[c]ourts have stated that the party seeking leave to serve additional interrogatories must make a "particularized showing" as to why the additional discovery is necessary." *Aluma-Form, Inc. v. Geotek, LLC*, No. 13-CV-2028-JPM/TMP, 2014 WL 12607091, at *2 (W.D. Tenn. Apr. 4, 2014). The Plaintiff states that Defendant Hawkins gave conflicting statements as to why the Plaintiff was pulled over and such information will go to the

credibility of the witness. The Court finds that the Plaintiff has not made the particularized showing necessary to support his Motion. It is not entirely clear what conflicting statements Defendant Hawkins made or why the Plaintiff cannot discover such information via a deposition. Further, the Court notes, and as the Defendants have emphasized, Defendant Hawkins may not be able to answer several of these interrogatories. For instance, the Plaintiff requests that Defendant Hawkins provide the stopping distance for a 2004 Chevy Cavalier traveling at a speed of 55 miles per hour and 45 miles per hour. Accordingly, the Plaintiff's Motion [**Doc. 64**] is **DENIED**.

### B. Defendants' Motion to Strike

The Defendants argue that Plaintiff's errata sheet changes violate the procedural and substantive requirements of Federal Rule of Civil Procedure 30(e). The Defendants state that the Plaintiff added the phrase, "That is, if I were traveling 55 miles per hour" to various portions of the deposition where the Plaintiff testified regarding the speed of the vehicle that he was driving immediately prior to the traffic stop. The Defendants request that the Court strike the errata sheet [Doc. 56].

The Plaintiff argues that Rule 30(e) allows him to make changes to his deposition. In addition, the Plaintiff responds that his deposition makes clear that his "intentions concerning the 55 mile per hour speed limit were to demonstrate that any vehicle including Plaintiff's own, who, if traveling 55 miles per hour after coming up a steep uphill grade, would be traveling 42 miles per hour on a steep downhill grade ten (10) second after starting to brake at the 35 mile per hour speed limit sign at the top of the uphill/downhill grade." [Doc. 73 at 1-2].

In the instant matter, the Plaintiff made the following changes to his testimony via an errata sheet:

| **Deposition** | **Testimony** | **Change** | **Reason** |
|---|---|---|---|
| Pg. 14, l. 16 | Absolutely, yeah. I didn't even have my foot on the gas. Yeah. | Absolutely, yeah. That is, if I were traveling 55 miles per hour. | Mistakes; inadvertence; excusable neglect. |
| Pg. 16, l. 5 | Most likely. I'm trying to stop. | Most likely. That is, if I were traveling 55 miles per hour. | Mistakes; inadvertence; excusable neglect. |
| Pg. 16, l. 7 | Yeah. He's right on my bumper. I know he's back there. You know I ain't no fool. | Yeah. That is, if I had been traveling 55 miles per hour. He is right on my bumper. I know he's back there. You know I ain't no fool. | Mistakes; inadvertence; excusable neglect. |
| Pg. 19, l. 22 | Yes. I had to be, yeah. | Yes. That is, if I were traveling 55 miles per hour. I had to be, yeah. | Mistakes; inadvertence; excusable neglect. |
| Pg. 23, l. 16 | No, that's the same time, same time. | Yes, this was at some other time. | Mistakes; inadvertence; excusable neglect. |
| Pg. 23, l. 21 | Yes | No. Went to my nephew's home, David Perkins, Teresa's brother to get Teresa's stuff. | Mistakes; inadvertence; excusable neglect. |
| Pg. 23, l. 24 | Same time, right before we came back. | Different times. | Mistakes; inadvertence; excusable neglect. |
| Pg. 42, l. 2 | Absolutely. I had to be, yeah. | Absolutely. That is, if I were traveling at 55 miles per hour. I had to be, yeah. | Mistakes; inadvertence; excusable neglect. |

The Court will begin with Federal Rule of Civil Procedure 30(e), which provides as follows:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1) (A) & (B). Courts have noted that the "Sixth Circuit is apparently the

'[o]nly court of appeals [that] permits a deponent to correct only typographic and transcription errors." *E.E.O.C. v. Skanska USA Building, Inc.,* 278 F.R.D. 407, 410 (W.D. Tenn. Jan. 24, 2012) (quoting *Devon Energy Corp. v. Westacott*, No. H-09-1689, 2011 WL 1157334, at *4 (S.D. Tex. Mar. 24, 2011)) (other citations omitted) (brackets in *Skanska USA Building, Inc.*). Further, courts have explained as follows:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Id.* at 411 (quoting *Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)); *see also Trout*, 339 F. App'x 565 (explaining that "Rule 30(e) does not allow one to alter what was said under oath") (citing *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06-cv-0581, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008)).

The Court acknowledges that there is not complete agreement among courts with respect to a deponent changing his/her testimony after the deposition through an errata sheet, *see Jermano v. Grace Children's Products, Inc.*, No. 13-cv-10610, 2015 WL 1737548 (E.D. Mich. Apr. 16, 2015), however; "the majority of recent decisions within the Sixth Circuit consistently interpret *Trout* as establishing a rule that an errata sheet may not be used for substantive changes to testimony." *Ramirez v. Bolster & Jeffries Health Care Grp., LLC*, No. 1:12-CV-00205-GNS, 2016 WL 4132294, at *3 (W.D. Ky. Aug. 3, 2016) (other citations omitted).

The Court finds that under this Circuit's case law, the changes to the Plaintiff's testimony are not permitted. *See also Skanska USA Building*, 278 F.R.D. at 412 (noting that a prohibition

against using an errata sheet to change deposition testimony does not necessarily prohibit a deponent from submitting an affidavit that contradicts prior testimony); *Ramirez*, 2016 WL 4132294, at *3 ("To the extent she wishes to 'set the record straight,' she can do so at trial by explaining that her deposition testimony was in error or mistaken, but she cannot change that testimony by way of the errata sheet."). Accordingly, the Court **GRANTS** the Defendants' Motion to Strike [**Doc. 67**].

### III. CONCLUSION

Accordingly, for the reasons stated herein, the Court **ORDERS** as follows:

(1) The Plaintiff's Motion for Leave to Serve Additional Interrogatories Upon Defendant Keith Hawkins and for Order Requesting Defendant to Produce All Documents Requested by the Plaintiff [**Doc. 64**] is **DENIED**;

(2) Defendants' Motion to Strike Errata Sheet Changes and Incorporated Memorandum of Law [**Doc. 67**] is **GRANTED**; and

(3) Plaintiff's Motion for Leave to File Sur-Reply to Defendants' Motion to Strike Errata Sheet Changes and Incorporated Memorandum of Law; Response in Opposition to Defendants' Motion for Summary Judgment, and Defendants' Response to Plaintiff's Motion for Leave to Serve Additional Interrogatories Upon Defendant Keith Hawkins [**Doc. 69**] is **GRANTED IN PART.**

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge